The Honorable Jamal N. Whitehead

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

ABHINAV KUMAR,

Defendant.

NO. 2:24-CR-41

**PROTECTIVE ORDER**

This matter, having come to the Court's attention on the Stipulation for Entry of a Discovery Protective Order submitted by the United States of America and Defendant Abhinav Kumar, and the Court, having considered the stipulated motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1.    <u>Protected Material</u>

The following are deemed Protected Material: the child forensic video interview of alleged Minor Victim 1 and the photographs of alleged Minor Victim 1 taken on February 18, 2024.  The United States will make available copies of the Protected Material, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Material is

Protective Order – 1
*United States v. Abhinav Kumar,* CR24-041-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and
2   assistants for the attorney of record (hereinafter collectively referred to as members of the
3   defense team).

4        2.     Scope of Review of Protected Material

5        Defense attorney of record and members of the defense team may display and
6   review the Protected Material with the Defendant. Defense attorney of record and
7   members of the defense team may share a transcript of the child forensic video interview
8   of alleged Minor Victim 1 with the Defendant and the Defendant is permitted to have a
9   copy of the transcribed interview in his possession. Specifically, a transcript of the video
10  interview of alleged Minor Victim 1 is not considered protected material. The attorneys
11  of record and members of the defense team acknowledge that providing native copies of
12  the video interview of alleged Minor Victim 1 and the photographs of alleged Minor
13  Victim 1, being the Protected Material, to the Defendant and other persons is prohibited,
14  and agree not to duplicate or provide copies of the Protected Material to the Defendant
15  and other persons.  The government is required to label all Protected Material as
16  "PROTECTED MATERIAL" in the discovery log that is sent to the defense.

17       3.     Consent to Terms of Protective Order

18       The attorney of record for the Defendant is required, prior to disseminating any
19  copies of the Protected Material to permitted recipients, such as other members of the
20  defense team, to provide a copy of this Protective Order to those permitted recipients, and
21  to obtain the written consent by those recipients of the terms and conditions of this
22  Protective Order. Such written consent shall not, however, be required with respect to
23  members of the defense team who are employed by the same office as the attorneys of
24  record; in such case, it shall be sufficient for the attorneys of record to provide a copy of
25  this Protective Order to such other members of the defense team and to remind them of
26  their obligations under the Order. The written consent need not be disclosed or produced

27

Protective Order – 2
*United States v. Abhinav Kumar,* CR24-041-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to the United States unless requested by the United States Attorney's Office for the Western District of Washington and ordered by the Court.

4. Parties' Reciprocal Discovery Obligations

Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

5. Filing of Protected Material

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. Nontermination

The provisions of this Order shall not terminate at the conclusion of this prosecution. The provisions of this Order shall terminate only by court order.

//

//

//

//

//

//

//

//

//

//

Protective Order – 3
*United States v. Abhinav Kumar,* CR24-041-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.    Violation of Protective Order

The defendant is on notice that should he violate the terms of this protection order, the United States reserves the right to seek appropriate relief from the Court.

DATED this 1st day of April, 2024.

Jamal N. Whitehead
United States District Judge

Presented by:

s/ Jin U. Kim
Jin U. Kim
Assistant United States Attorney

s/ Jesse G. Cantor
Jesse G. Cantor
Attorney for Defendant

Protective Order – 4
*United States v. Abhinav Kumar,* CR24-041-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970