1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

ABHINAV KUMAR,

Defendant.

CASE NO. 2:24-cr-41

ORDER ON UNITED STATES OF
AMERICA'S MOTION TO ADVANCE
OR CONTINUE THE TRIAL DATE

## 1.  INTRODUCTION

This matter comes before the Court on the Government's motion to change

the trial date. Dkt. No. 22. Defendant Abhinav Kumar opposes the Government's

motion and proposes an alternative trial schedule. Dkt. No. 23. Having reviewed the

papers submitted in support of and opposition to the motion, as well as the relevant

record, the Court rules as stated below.

## 2.  BACKGROUND

Trial is scheduled to begin in this matter on May 6, 2024. Dkt. No. 18. The

Government asks the Court to change the start date to one of three proposed

alternatives to accommodate the alleged victim's high school obligations from May 6

ORDER ON UNITED STATES OF AMERICA'S MOTION TO ADVANCE OR CONTINUE THE
TRIAL DATE - 1

to May 8, 2024. Dkt. No. 22 at 1. Because the alleged victim is an essential witness, the Government proposes that the trial begin on April 29, May 8, or May 13, 2024. *Id.*

Kumar objects to changing the start date and argues that accommodating the alleged victim is unnecessary. Dkt. No. 23 at 1. Rather, Kumar proposes that the Court select a jury on May 6, 2024, allow the Government to present all witnesses other than the alleged victim on May 7 to May 8, and call the alleged victim on May 9. *Id.* Kumar estimates he will need no more than one day to present his defense, and he anticipates trial would conclude by either the afternoon of May 9 or a day later on May 10. *Id.* at 2.

In its reply, the Government argues Kumar's proposed schedule would prevent it from presenting a logical case beginning with the alleged victim's testimony. Dkt. No. 25 at 3. The Government argues that "other witnesses may only become admissible after the [alleged] victim has testified" and that postponing her testimony would both confuse the jury and unnecessarily prolong the trial. *Id.* at 4-5.

### 3.  DISCUSSION

Under the Speedy Trial Act, "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). If an indictment was filed and made public after a defendant's initial

1  appearance, the indictment triggers the speedy trial clock. *United States v.*

2  *Mancias*, 350 F.3d 800, 807 (8th Cir. 2003).

3      In this case, a grand jury indicted Kumar after his first appearance before a

4  judicial officer, so the February 28, 2024, indictment (Dkt. No. 13) triggers the clock

5  and trial must commence within seventy days, or by May 8, 2024.

6      But not every consecutive day is included in the 70-day period. For example,

7  "delay resulting from any pretrial motion, from the filing of the motion through the

8  conclusion of the hearing on, or other prompt disposition of such motion" is

9  automatically excluded in computing the time within which trial must begin. 18

10  U.S.C. § 3161(h)(1)(D). "[I]f a pretrial motion does not require a hearing, the period

11  from the date the motion was taken under advisement until the court rules on the

12  motion, but no more than 30 days, may be excluded." *United States v. Medina*, 524

13  F.3d 974, 978–79 (9th Cir. 2008) (citing § 3161(h)(1)(D) and (H)).[1] The Government

14  invokes this rule, asking the Court to exclude the time during the pendency of the

15  parties' stipulated motion for a protective order and its motion to continue the trial

16  date from the speedy trial calculation to set the start date for trial *after* May 8,

17  2024. Dkt. No. 25 at 3.

18      The Court, however, finds it unnecessary to delay the start date beyond

19  May 8, 2024. Kumar does not explain why he prefers to begin trial on May 6 over

20  May 8 even though he expects trial to be completed on the same day either way—

21  May 10. Further, the Government demonstrates it would be prejudiced by the

22

23  [1] The *Medina* court actually cites § 3161(h)(1)(J), (F), however, those provisions
have since been amended to be § 3161(h)(1)(D), (H).

ORDER ON UNITED STATES OF AMERICA'S MOTION TO ADVANCE OR CONTINUE THE
TRIAL DATE - 3

1    prolonged schedule Kumar proposes because having the alleged victim testify at the

2    end of the presentation of the Government's case in chief could preclude potential

3    witnesses and would not allow for a logical progression of evidence.

4        Accordingly, the Court GRANTS the Government's motion and schedules

5    trial to commence with jury selection on May 8, 2024.

6

7        Dated this 11th day of April 2024.

8

9                                    Jamal N. Whitehead
                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER ON UNITED STATES OF AMERICA'S MOTION TO ADVANCE OR CONTINUE THE
TRIAL DATE - 4