The Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR24-041 JNW |
|---|---|
| Plaintiff | |
| v. | **AMENDED PROTECTIVE ORDER** |
| ABHINAV KUMAR, | |
| Defendant. | |

This matter, having come to the Court's attention on the Stipulated Motion for an Amended Protective Order submitted by the United States of America and Defendant Abhinav Kumar, and the Court, having considered the stipulated motion, and being fully advised in this matter, hereby enters the following AMENDED PROTECTIVE ORDER:

1. <u>Protected Material</u>

The following are deemed Protected Material: the child forensic video interviews of Minor Victim 1 and Minor Witness 1 and the photographs of Minor Victim 1 taken on February 18, 2024. The United States will make available copies of the Protected Material, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Material is

Amended Protective Order – 1
*United States v. Kumar,* CR24-041 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the attorney of record (hereinafter collectively referred to as members of the defense team).

2. <u>Scope of Review of Protected Material</u>

Defense attorney of record and members of the defense team may display and review the Protected Material with the Defendant. Defense attorney of record and members of the defense team may share a transcript of the child forensic video interviews of Minor Victim 1 and Minor Witness 1 with the Defendant and the Defendant is permitted to have a copy of the transcribed interviews in his possession. Specifically, a transcript of the video interviews of a Minor Victim 1 and Minor Witness 1 are not considered protected material. The attorneys of record and members of the defense team acknowledge that providing native copies of the video interviews of Minor Victim 1 and Minor Witness 1, or clips or stills taken from said videos, and the photographs of Minor Victim 1, being the Protected Material, to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the Defendant and other persons. The government is required to label all Protected Material as "PROTECTED MATERIAL" in the discovery log that is sent to the defense.

3. <u>Consent to Terms of Protective Order</u>

The attorney of record for the Defendant is required, prior to disseminating any copies of the Protected Material to permitted recipients, such as other members of the defense team, to provide a copy of this Protective Order to those permitted recipients, and to obtain the written consent by those recipients of the terms and conditions of this Protective Order. Such written consent shall not, however, be required with respect to members of the defense team who are employed by the same office as the attorneys of record; in such case, it shall be sufficient for the attorneys of record to provide a copy of this Protective Order to such other members of the defense team and to remind them of

Amended Protective Order – 2
*United States v. Kumar,* CR24-041 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

their obligations under the Order. The written consent need not be disclosed or produced to the United States unless requested by the United States Attorney's Office for the Western District of Washington and ordered by the Court.

4. <u>Parties' Reciprocal Discovery Obligations</u>

Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

5. <u>Filing of Protected Material</u>

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. <u>Nontermination</u>

The provisions of this Order shall not terminate at the conclusion of this prosecution. The provisions of this Order shall terminate only by court order.

//
//
//
//
//
//
//
//
//

Amended Protective Order – 3
*United States v. Kumar,* CR24-041 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. <u>Violation of Protective Order</u>

The defendant is on notice that should he violate the terms of this protection order, the United States reserves the right to seek appropriate relief from the Court.

DATED this 18th day of April, 2024.

_____
Jamal N. Whitehead
United States District Judge

Presented by:

*s/ Sanaa Nagi*
Sanaa Nagi
Assistant United States Attorney

*s/ Miriam Hinman*
Miriam Hinman
Assistant United States Attorney

*s/ Jesse G. Cantor (agreed via email)*
Jesse G. Cantor
Attorney for Defendant

Amended Protective Order – 4
*United States v. Kumar,* CR24-041 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970